Dear Mayor Domiano,
This office is in receipt of your opinion request dated February 1, 1996, in which you present certain questions relative to the Public Records Law. Specifically, you ask to what extent your office must make reasonable accommodations to a public records request. Additionally, you ask whether your office may charge for copying and staff time dedicated to satisfying an extensive records request.
All records maintained by a public body are generally subject to public examination under the provisions of the Public Records Act, LSA-R.S. 44:1 et seq., unless specifically exempted. You concede in your request that the documents at issue are public records. Therefore, we will avoid a discussion of what constitutes a public record under the Act.
However, important to our discussion is LSA-R.S. 44:32
which, in applicable part, reads:
 A. The custodian shall present any public record to any person of the age of majority who so requests. The custodian shall make no inquiry of any person who applies for a public record, except an inquiry as to the age and identification of the person and may require the person to sign a register and shall not review, examine or scrutinize any copy, photograph, or memoranda in the possession of any such person; and shall extend to the person all reasonable comfort and facility for the full exercise of the right granted under this Chapter; provided that nothing herein contained shall prevent the custodian from maintaining such vigilance as required to prevent alteration of any record while it is being examined; and provided further, that examinations of records under the authority of this Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this event the persons designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid by the public body having custody of such record, out of funds provided in advance by the person examining such record in other than regular office or working hours.
This provision designates the scope of what constitutes "reasonable comfort and facility" for the requestor to review the public records. The law contains no limitation on the number or size of requests which may be made by the requestor. However, LSA-R.S. 44:33 provides for the availability of records and states, in part:
 A. (1) When a request is made for a public record to which the public is entitled, the official, clerks of court and the custodian of notarial records in and for the Parish of Orleans excepted, who has responsibility for the record shall have the record segregated from other records under his custody so that the public can reasonably view the record.
 (2) If, however, segregating the record would be unreasonably burdensome or expensive, or if the record requested is maintained in a fashion that makes it readily identifiable and renders further segregation unnecessary, the official shall so state in writing and shall state the location of the requested record.
Therefore, as the "custodian" of the records, your office has the discretion to determine whether the records requested would be too burdensome or expensive to separate from the general records. If this is the case, you may notify the requestor in writing of your decision and allow him access to the general material where the information sought is kept and allow him to search and review for the desired records on his own accord, with the proper supervision authorized under LSA-R.S. 44:32(A).
Moreover, if your office determines that the particular review process would be unduly burdensome and interfere with the orderly conduct of business in your office, LSA-R.S. 44:32(A) also authorizes you to have the records inspection conducted after office hours, with the requestor paying in advance the costs of having an employee stationed to monitor his review. Furthermore, if the requested documents are in use, the custodian may fix a day, within three days of the request, for the review of such documents. LSA-R.S. 44:33(B).
You also ask whether your office can charge for copies and employee time spent making copy requests pursuant to the Public Records Act. Again, we direct you to LSA-R.S. 44:32 which, in part, states:
 C. (1)(a) For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state.
* * * * *
 (d) Any such person of the age of majority, as provided for in R.S. 44:31, may request a copy or reproduction of any public record and it shall be the duty of the custodian to provide such copies to the person so requesting.
These provisions mandate that, if copies of the records are requested, they must be provided. However, as custodian, it is within your discretion whether to charge fees for the copies made. In any case, those fees must be reasonable. Unfortunately, other than the allowance made to an employee who must stay after hours to stand vigil over a review pursuant to LSA-R.S. 44:32(A), no provision of the law allows you to charge a fee for employee time spent making copies pursuant to a public records request.
I trust this adequately, addresses your concerns. Please contact this office should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL
CMF:ams
Date Received: February 7, 1996
Date Released: March 8, 1996
CARLOS M. FINALET ASSISTANT ATTORNEY GENERAL